PER CURIAM.
Troy D. Rutlege seeks review of an order which summarily denied his motion for post-conviction relief. Of the six grounds advanced by Rutlege, only two appear to have merit. We remand for the trial court to address those issues.
Rutlege states in his motion that he was charged with robbery with a firearm and was sentenced to life imprisonment as a habitual felony offender. The trial court has failed to attach any part of the record to support its order denying the subject motion.
In his motion, Rutlege asserts that his sentence was improperly enhanced under section 775.087(1), Florida Statutes (Supp. 1990), for the use of a firearm during the robbery. He asserts that his sentence had already been enhanced for the use of the firearm under the robbery statute itself. See § 812.13, Fla.Stat. (1989). The court does not address this issue in its order.
It would appear that Rutlege’s argument has merit if the sentence was enhanced pursuant to section 775.087. Under section 812.-13(2)(a), robbery with a firearm is a first degree felony punishable by a term of years not exceeding life. The sentence allegedly imposed was life imprisonment.
*278 It must be noted, however, that the habitual offender statute allows the court to enhance a first degree felony to a life sentence. § 775.084(4)(a)l, Fla.Stat. (1989). The trial court must demonstrate that the life sentence was imposed due to Rutlege’s habitual offender status, rather than as an enhancement based on the use of a firearm.
Rutlege also asserts that his counsel was ineffective for failing to challenge the constitutionality of the habitual offender statute as violative of the single subject rule. The court indicates in its order that Rutlege does not meet the criteria spelled out by the Florida Supreme Court to merit resentenc-ing. No documentation is attached to the order to support this finding.
Accordingly, we remand this matter for the coui’t to address the two issues discussed herein. The denial of the motion for post-conviction relief as to the other grounds is affirmed.
If the trial court chooses to again deny the motion as to these grounds, it shall attach those portions of the record which support its ruling. Alternatively, it shall conduct an evi-dentiary hearing to determine the merit of these two issues.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.